```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
CHRISTIAN CASTILLO,                              :
                                                 :
                              Plaintiff,         :
                                                 :
            -against-                            :   20-CV-2085 (VEC)
                                                 :
SKANSKA INC., SKANSKA USA INC.,                  :   ORDER
SKANSKA MOYNIHAN TRAIN BUILDERS A                :
JOINT VENTURE, AMTRAK A/K/A                      :
NATIONAL RAILROAD PASSENGER                      :
CORPORATION D/B/A AMTRAK, EMPIRE                 :
STATE DEVELOPMENT CORPORATION,                   :
RELATED CONSTRUCTION LLC, VORNADO                :
REALTY TRUST, MOYIHAN TRAIN HALL                 :
DEVELOPER LLC, NEW YORK AND NEW                  :
JERSEY PORT AUTHORITY, METROPOLITAN              :
TRANSPORTATION AUTHORITY,                        :
METROPOLITAN TRANSPORTATION                      :
AUTHORITY CONSTRUCTION COMPANY,                  :
CITY OF NEW YORK, NEW YORK CITY                  :
DEPARTMENT OF TRANSPORTATION, NEW                :
YORK CITY DEPARTMENT OF DESIGN AND               :
CONSTRUCTION, NEW YORK CITY TRANSIT              :
AUTHORITY, AND MUNOZ ENGINEERING &               :
LAND SURVEYING, D.P.C.,                          :
                              Defendants.        :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on March 9, 2020, Defendants[1] removed this case from the Supreme Court of New York, New York County, to this Court, asserting federal subject-matter jurisdiction under 28 U.S.C. § 1331 because of the presence of Defendant Amtrak a/k/a National Railroad Passenger Corporation d/b/a Amtrak, a federally chartered and federally owned corporation (Dkt. 1);

---

[1] Plaintiff added claims against Defendant Munoz Engineering & Land Surveying, D.P.C., in his Second Amended Complaint, filed on October 7, 2020; Munoz, therefore, did not participate in Defendants' removal to this Court. The Court's use of "Defendants" in this Order refers to all Defendants other than Munoz.

WHEREAS Defendants offered no other basis for the existence of federal subject-matter jurisdiction, and no other bases appear viable to the Court;

WHEREAS on January 12, 2021, Plaintiff filed a Rule 36 request for admission asserting that, on the date of Plaintiff's injury, October 16, 2019, Amtrak owned only the track bed and train shed below the premises known as Moynihan Train Hall and that Amtrak did not own Moynihan Train Hall (Dkt. 59);

WHEREAS on February 12, 2021, after Amtrak failed to file a response, the Court deemed the matters in Plaintiff's Rule 36 request admitted (Dkt. 60);

WHEREAS on February 16, 2021, Defendants filed a response to Plaintiff's Rule 36 request, admitting all matters asserted in Plaintiff's Rule 36 request (Dkt. 61);

WHEREAS the Court ordered Plaintiff, in light of the revelation of Amtrak's lack of involvement in this matter, to show cause why the Court should not dismiss Amtrak from this case and thereafter remand this matter to New York State court for lack of subject-matter jurisdiction (Dkt. 60);

WHEREAS on March 1, 2021, Plaintiff responded to the Court's order noting that it did not oppose dismissal of Amtrak and remand to state court (Dkt. 62);

WHEREAS on March 4, 2021, Defendants responded to Plaintiff's submission, requesting that the Court issue an order dismissing Amtrak and remanding this case to state court (Dkt. 63);

WHEREAS this Court must remand any removed action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c); and

2

WHEREAS the Plaintiff and Defendants agree that the Court should dismiss Amtrak as a defendant in this action, which would deprive this Court of subject-matter jurisdiction over the case, and consent to the Court's remand of this case to state court;

IT IS HEREBY ORDERED that Defendant Amtrak is DISMISSED from this action. The Clerk of Court is respectfully requested to terminate Amtrak as a party to this case.

IT IS FURTHER ORDERED that due to Amtrak's dismissal, this action is remanded to the New York Supreme Court, New York County. The Clerk is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: March 8, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**